IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO T. JAMES,

    Petitioner,

vs.                                                        CIV 17-0360 JCH/KBM

RAYMOND SMITH, Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

    Respondents.

## **PARTIAL PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (*Doc. 1*), filed by Sergio T. James ("Petitioner") on March 22, 2017, and fully briefed August 14, 2017 (*Docs. 12, 14*). The Honorable Judith C. Herrera referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 4*. Having reviewed the submissions of the parties and the relevant law, the Court finds that it is able to make a decision based on the current record.[1] The Court recommends that relief

---

[1] The Court need not hold an evidentiary hearing. Petitioner neither requests a hearing nor makes any showing that his claims rely on "a new rule of constitutional law, made retroactive . . . by the Supreme Court[,]" "a factual predicate that could not have been previously discovered through the exercise of due diligence[,]" or that " the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty . . . [,]" as required by 28 U.S.C. § 2254(e)(2).

1

based on Grounds One, Two, and Four of the Petition be denied. As discussed below, further briefing is required on Ground Three.

I. **Background Facts and Procedural Posture**[2]

Petitioner challenges two New Mexico state court convictions out of the Ninth Judicial District Court. *Doc. 1* at 1. Both convictions are for trafficking controlled substances in the first degree based upon hand-to-hand buys with a confidential informant ("CI"). The first conviction in docket number D-0905-CR-2011-00382 ("Case No. 382") involved a CI buy on May 12, 2011; the second conviction in docket number D-0905-CR-2011-00383 ("Case No. 383") involved a CI buy on May 11, 2011.

In Case No. 382, a jury found Petitioner guilty on December 18, 2012. On appeal, the New Mexico Court of Appeals affirmed the conviction, and the Supreme Court denied his Petition for Writ of Certiorari. Petitioner then sought collateral relief by filing a Petition for Writ of Habeas Corpus with the Ninth Judicial District Court of New Mexico. The district court denied his Petition, and he then filed a Motion for Reconsideration and a yet second Petition for Writ of Habeas Corpus. The district court denied the reconsideration motion and dismissed the second Petition Once again, the New Mexico Supreme Court denied a Petition for Writ of Certiorari.

In Case No. 383, Petitioner was found guilty on April 21, 2014, following a jury trial. Once again, the New Mexico Court of Appeals affirmed his conviction, and the New Mexico Supreme Court denied his Petition for Writ of Certiorari. Petitioner then filed a Petition for Writ of Habeas Corpus with the Ninth Judicial District Court of New Mexico that was denied by the district court on November 2, 2014. The New Mexico

---

[2] The Court cites the CM/ECF document numbers and pages, rather than internal page numbers found in exhibits.

Supreme Court then denied his Petition for Writ of Certiorari.

**II.     This Federal Petition Addresses Two State Court Convictions**

As an initial matter, Respondents argue that the Petition should be dismissed without prejudice because Petitioner is using a single habeas corpus petition to challenge state court convictions in both Case No. 382 and No. 383. Respondents assert that 28 U.S.C § 2254 allows challenges of only a single state action, as exemplified through the statute's use of singular words such as "the judgment" and "a decision." *Doc. 12* at 15-16.

While Section 2254 does reference a challenge to a single action, the Court recommends allowing Petitioner to go forward with this action challenging two state court convictions because, as both Petitioner and Respondents concede, the convictions stem from a common set of facts. *See Doc. 1* at 1 (Petition) ("Cases arise out of events that are similar, ongoing actions, however, they were separated by the State and tried separately."); *Doc. 12*, ¶ 2 (Respondents' Answer) ("A review of the record for both cases . . . does seem to support that one set of common facts gave rise to the separate prosecutions.").

Indeed, on May 11 and May 12, 2011, agents set up and executed nearly identical controlled buys with the same CI. During both transactions, agents gave the CI $100 and instructed him to purchase crack cocaine from Petitioner at Petitioner's residence. On both occasions, agents searched the CI and his vehicle before he left, and the CI was recorded driving to and from the residence. Similar video recordings show the CI entering the residence, engaging in small talk, and leaving. Upon return to the agents, the CI was searched, and the CI presented the agents with crack cocaine.

In *Guerra v. Mott*, a petitioner presented a Section 2254 petition to the United States District Court for the District of Kansas, which challenged three state court convictions. No. 13-3211-SAC, 2014 WL 201012, at *1 (D. Kan. Jan. 17, 2014). The court suggested that two of the convictions, attempt to commit sexual exploitation of a child and rape, happened at the same time and were related, while the third conviction, battery against a corrections officer, happened at a different time. *Id.* at *1 & n.2. The court dismissed the petition for the "unrelated battery" but allowed a single petition for the other two convictions to go forward. *Id.* at *1. Similar to *Guerra*, the convictions challenged by Petitioner arose from the same drug trafficking investigation and operation and involved a common set of facts very near in time. The Court therefore recommends that the Court allow the single petition for the two related convictions.

### III. Petitioner's Claims

Petitioner asserts four grounds for relief: (1) Petitioner was denied his right to confront the CI; (2) there was insufficient evidence to convict Petitioner, in violation of his right to due process; (3) the arresting agent obtained the warrant for Petitioner's arrest on perjured information, in violation of Petitioner's right to due process; and (4) the trial court erred in admitting a copy of a video recording without requiring the State to produce the original recording. *Doc. 1*.

### IV. Legal Standard

Federal courts have statutory authority under Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to issue habeas corpus relief for persons in state custody. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). AEDPA "circumscribes our review of federal habeas claims that were

4

adjudicated on the merits in state-court proceedings." *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012). AEDPA does not require that a state court provide a statement of reasons. "The statute refers only to a 'decision,' which resulted from an 'adjudication.'" *Harrington*, 562 U.S. at 98.

Therefore, even if the state court failed to provide an opinion stating its reasoning, as long as the state court has made a determination on the merits, Section 2254(d) bars relitigation of that claim in a federal habeas action, subject to only two exceptions. *Id*. A federal court may grant relief from a state court decision only where a petitioner demonstrates that the trial court's resolution of his claims was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hooks*, 689 F.3d at 1163 (quoting 28 U.S.C. § 2254(d)(1), (2)).

In the two-step inquiry under Section 2254(d)(1), the threshold question asks whether the applicant is seeking to invoke a rule of law that was clearly established by the Supreme Court at the time the conviction became final. *Byrd v. Workman*, 645 F.3d 1159, 1165 (2011); *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000). If the law was clearly established, then the court determines whether the state court decision was "contrary to or involved an unreasonable application of that clearly established law." *Byrd*, 645 F.3d at 1165 (quoting *Turrentine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir.2004) (internal quotations omitted)). A state-court decision is "contrary to" clearly established law "if the state court applies a rule different from the governing law set forth" by the Supreme Court or "if it decides a case differently than [the Supreme Court

has] done on a set of materially indistinguishable facts." *Hooks*, 689 F.3d at 1163 (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). "A state-court decision is an 'unreasonable application' of clearly established federal law when the state court 'identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of petitioner's case.'" *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)). In analyzing the state court's decision, this Court may only review the record that was before the state court and all factual findings are presumed correct unless rebutted by "clear and convincing evidence." *Id.* (quoting 28 U.S.C. § 2254(e)).

AEDPA precludes issuance of a writ simply because the federal court concludes in its independent judgment that the state court applied the law erroneously or incorrectly. *Byrd*, 645 F.3d at 1166. Instead, the application must also be "objectively unreasonable." *Id.* As long as "fairminded jurists could disagree" as to the correctness of the state court's decision, *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), this "'highly deferential standard for evaluating state-court rulings[ ]' . . . demands that state-court decisions be given the benefit of the doubt." *Hooks*, 689 F.3d at 1163 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). For federal habeas claims not adjudicated on the merits in the state courts, the Court must review the claim *de novo* and the deferential standards of Section 2254(d) do not apply. *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

V.  Discussion

Respondents do not dispute that Petitioner met all the exhaustion requirements

6

for each of his stated grounds for relief.³ *Doc. 12* at 6, ¶ 18. Additionally, there is no dispute that Petitioner is in custody, as required by Section 2254. *Doc. 12* at 4, ¶ 14.

### A. Ground One: Confrontation Clause

Petitioner first argues that both trial courts violated his right under the Confrontation Clause by allowing a video recording to be shown at trial that depicted the non-testifying CI engaging in the controlled buy. *Doc. 1-1* at 4. Petitioner presented this issue to the New Mexico Court of Appeals on direct appeal in both cases, and in both cases the court addressed the merits and found that there was no violation of the Confrontation Clause. *Docs. 12-1*, Ex. G at 56; *12-3*, Ex. X at 5.

Pursuant to Section 2254(d)(1), the Court of Appeals' decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law. The U.S. Constitution, Amendment 6 provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." The United States Supreme Court has applied this only to testimonial evidence against the accused. *Crawford v. Washington*, 541 U.S. 36, 51 (2004). "Testimony in turn, is typically [a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* (quotation omitted). While the Supreme Court has not provided a laundry list of what is considered testimonial, it has stated that testimony includes statements made with the primary purpose of establishing or proving past events potentially relevant to later criminal prosecution, *Davis v. Washington*, 547 U.S. 813, 822 (2006), and statements "made under circumstances that would lead an objective

---

³ Pursuant to Section 2254(b)(3), "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Here, "Respondents acknowledge that Mr. James has satisfied his exhaustion requirement as to all four grounds for relief." *Doc. 12* at 6, ¶ 18.

witness reasonably to believe that the statement would be available for use at a later trial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009). Additionally, the Confrontation Clause applies to only testimonial, as opposed to non-testimonial, statements that are offered to prove the truth of the matter asserted. *See Tennessee v. Street*, 471 U.S. 409, 414 (1985).

The New Mexico Court of Appeals addressed three aspects of the video recordings, determining that nothing in the videos violated the Confrontation Clause. First, the court held that the trial court's admission of Petitioner's own statements captured in the videos was not a violation of the Confrontation Clause. *Docs. 12-1*, Ex. G at 53-54; *12-3*, Ex. X at 40. Petitioner is not challenging this aspect of the court's ruling, but rather is challenging the trial court's admission of the CI's actions and statements captured in the videos. *See Doc. 1-1* at 5-10. To that end, the Court of Appeals held that the visuals in the video recordings were non-testimonial because visual recordings are considered real evidence, not testimonial evidence. *Docs. 12-1*, Ex. G at 55; *12-3*, Ex. X at 42. The court cited *State v. Glen Slaughter & Assocs.*, which explains that, a video recording, like other real evidence, is not subject to cross-examination. Rather, confrontation challenges should focus on statements in the video, not the video itself. 1994-NMCA-169, ¶¶ 5-7, 889 P.2d 254, 119 N.M. 219.

Petitioner makes no showing that the CI's conduct captured in the videos was a declaration or affirmation. Thus, finding the videos themselves to be non-testimonial is not contrary to federal law. *See Crawford,* 541 U.S. at 51. In fact, Petitioner argues that nothing in the videos showed Petitioner actually selling drugs to the CI, and one video was turned up towards the ceiling. *Docs. 1-1* at 16; *12-2*, Ex. N at 23.

8

Finally, the Court of Appeals held that the CI's statements captured in the video recordings were non-testimonial, and even if they were testimonial, they were not offered to prove the truth of the matter asserted. *Docs. 12-1*, Ex. G at 55-56; *12-3*, Ex. X at 42-43. The court recited that the only matters asserted by the CI in the May 12, 2011 video were "a football injury, a women buying him a television, not having plastics and needing ziplocks, not having money and needing to go to the bank," (*Doc. 12-1*, Ex. G at 56), and in the May 11, 2011 video were "conversations about football." (*Doc. 12-3*, Ex. X at 43). The court properly concluded that these statements were not testimonial hearsay admitted in violation of the Confrontation Clause. *Docs. 12-1*, Ex. G at 56*; 12-3*, Ex. X at 43. Again, this holding is not contrary to federal law. *See Crawford*, 541 U.S. at 59-60 n.9.

Petitioner nonetheless argues that these statements became testimonial simply because the CI knew he was being recorded in conjunction with a criminal investigation. *Doc. 1-1* at 7. However, the Court of Appeals believed it was "not at all clear that the recorded statement[s]" were made for the primary purpose to "establish some fact with the understanding that the statement may be used in a later criminal prosecution." *Docs. 12-1*, Ex. G at 55 (internal quotations omitted); *12-3*, Ex. X at 42 (internal quotations omitted). This finding is not contrary to federal law. In particular, federal law holds that testimonial statements are statements "made under circumstances that would lead an *objective witness* reasonably to believe that the statement would be available for use at a later trial." *Melendez-Diaz,* 557 U.S. at 310 (emphasis added). While the CI may have known his statements would be used later for criminal prosecution, an objective observer to the conversation may not have. *See Curry v. Thaler*, No. H-09-

9

0379, 2009 WL 4840019, at *5 (S.D. Tex. Dec. 10, 2009).

The Sixth Circuit has held that CI tips are testimonial because they are "knowingly and purposely made to authorities, accuse someone of a crime, and often are used against the accused at trial." *United States v. Cromer*, 389 F.3d 662, 676 (6th Cir. 2004). Again, as the Court of Appeals noted, the CI's statements in the videos at issue were not statements of accusation, but small talk. *Docs. 12-1*, Ex. G at 56; *12-3*, Ex. X at 43. Petitioner argues in his Reply that the CI did make testimonial statements accusing Petitioner of selling drugs, and those statements were then recited in the Criminal Complaint. *Docs. 14* at 7; *1-1* at 22. But any such statements were not introduced at trial where they would be subject to the Confrontation Clause. *See Docs. 12-1*, Ex. G at 57; *12-3*, Ex. X at 44.

Finally, pursuant to Section 2254(d)(2), the Court of Appeals' decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The state court's determination of facts are presumed to be correct unless rebutted by clear and convincing evidence. § 2254(e)(1). Here, Petitioner makes no showing that the facts the Court of Appeals relied upon were inaccurate. In fact, the Court of Appeals expressly recited <u>*Petitioner's*</u> statement of facts regarding what could be seen and heard in the videos. *Docs. 12-1*, Ex. G at 54; *12-3*, Ex. X at 41.

In summary, the New Mexico Court of Appeals' determination that Petitioner's rights under the Confrontation Clause were not violated in either case is neither contrary to federal law nor the result of an unreasonable determination of the facts. Accordingly, Ground One for relief in the Petition should be denied.

**B. Ground Two: Sufficiency of the Evidence**

Petitioner next argues that the State's evidence in both trials was insufficient to prove beyond a reasonable doubt that he was guilty. Petitioner presented this due process claim to the New Mexico Court of Appeals in both cases (*Docs. 12-1*, Ex. F at 32-33; *12-3*, Ex. W at 19-20), and, in both cases, the Court of Appeals addressed the merits and upheld his convictions (*Docs. 12-1*, Ex. G at 56-59; *12-3*, Ex. X at 43-46 ).[4] Petitioner also presented this claim to the Ninth Judicial District Court of New Mexico in a Petition for Writ of Habeas Corpus in Case No. 382. *Doc. 12-2*, Ex. K at 13. Because the Court of Appeals decided the issue on the merits and because Petitioner did not allege any new facts, the district court denied the claim. *Doc. 12-2*, Ex. L at 17-18.

The "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In reviewing sufficiency of the evidence, a court must view the evidence in a light most favorable to the prosecution and determine if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (citation omitted).

Applying this same standard, the Court of Appeals determined there was sufficient evidence in both cases. *Docs. 12-1*, Ex. G at 57-58; *12-3*, Ex. X at 44-45. The court reviewed the evidence presented by the State, including testimony from narcotics agents who set up the controlled buys and searched the CI before and after the buys,

---

[4] Petitioner did not present this claim to the Court of Appeals in his original docketing statement (*Docs. 12-1*, Ex. D; *12-3*, Ex. U), but in his Memorandum in Opposition to Proposed Summary Affirmance and Motion to Amend Docketing Statement (*Docs. 12-1*, Ex. F; *12-3*, Ex. W). The Court of Appeals still addressed the merits of the issue, because "a motion [to amend] will only be granted if the arguments [are] viable." *Docs. 12-1*, Ex. G at 56; *12-3*, Ex. X at 43.

11

videos showing the CI going to the directed location, and testimony from the agents accepting the drugs at the end of the buys. While acknowledging that the evidence was circumstantial, the court still found it was sufficient to support the juries' guilty verdicts in both cases. *Docs. 12-1*, Ex. G at 57-58; *12-3*, Ex. X at 44-45. The Court of Appeals looked at all the evidence in the light most favorable to the State, and determined a rational trier of fact could find guilt beyond a reasonable doubt. This is not contrary to federal law or an unreasonable application of federal law, but is the precise standard that the Due Process Clause requires. Thus, pursuant to Section 2254(d)(1), the Court of Appeals' decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

Additionally, pursuant to Section 2254(d)(2), the Court of Appeals' decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner does not rebut the facts the court relied on, though he does add some additional facts. *Doc. 1-1* at 11. In essence, Petitioner argues that such evidence was "too circumstantial" to support a criminal conviction. *Id.* at 11-12. But as the Supreme Court of the United States has noted, "we have never questioned the sufficiency of circumstantial evidence in support of a criminal conviction, even though proof beyond a reasonable doubt is required." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003), citing *Holland v. United States*, 348 U.S. 121, 140 (1954) (observing that, in criminal cases, circumstantial evidence is "intrinsically no different from testimonial evidence"). Because neither the requirements in Section 2254 (d)(1) or (2) are met, Petitioner's claim for relief based on Ground Two should be denied.

### C. Ground Three: Perjured Arrested Warrant

Petitioner's maintains that his right to due process was violated because Agent Caroland obtained the warrant for his arrest on perjured information. *Doc. 1-1* at 15-17. Petitioner contends that Agent Caroland lied on the Affidavit for Arrest Warrant, and without those lies, no probable cause for his arrest existed. *Id.* The affidavits submitted by Agent Caroland in both Case Nos. 382 and 383 are very similar and recite identical facts to establish probable cause based on the very similar, back-to-back, controlled buys. *See id.* at 21-22; *Doc. 12-4*, Ex. DD at 21-22.

Petitioner does not make clear, however, if he is challenging both affidavits, as he only attached the affidavit and criminal complaint from Case No. 383 to his Petition. *Doc. 1-1* at 21-22. In Case No. 382, Petitioner first presented the issue of a perjured affidavit as a ground for relief in his <u>second</u> Petition for Writ of Habeas Corpus to the Ninth Judicial District Court of New Mexico.[5] *Doc. 12-2*, Ex. N at 23-27. The district court dismissed the Petition pursuant to a New Mexico procedural rule, Rule 5-802(H)(1) NMRA. That rule provides that as to second and successive petitions, the court has discretion to "dismiss any claim not raised in a prior petition unless fundamental error has occurred, or unless an adequate record to address the claim properly was not available to the time prior of the petition." *Doc. 12-2*, Ex. O at 44. Respondents argue Ground Three for relief in this federal petition therefore should be denied under the doctrine of procedural default, since the issue was decided on independent and adequate state procedural grounds by the state court, and the Court agrees as to Case

---

[5] Petitioner filed his first Petition for Writ of Habeas Corpus on November 9, 2015 with the Ninth Judicial District Court. *Doc. 12-2*, Ex. K. His grounds for relief included only ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of the evidence. *Doc. 12-2*, Ex. K. The court denied the Petition (*Doc. 12-2*, Ex. L at 19), and his Motion for Reconsideration (*Doc. 12-2*, Ex. M).

13

No. 382.

Petitioner appears to be challenging the Affidavit in Case No. 383, however. In Case No. 383, Petitioner first presented the issue of the perjured arrest warrant in his <u>only</u> Petition for Writ of Habeas Corpus to the Ninth Judicial District Court of New Mexico. *Doc. 12-4*, Ex. BB. There, the state district court denied the Petition, not on procedural grounds as in Case No. 382, but because it found the issues raised were similar to those issues raised and decided on direct appeal. *Doc. 12-3*, Ex. EE. Thus, Respondents' Answer which addresses only a procedural default argument falls short. The Court therefore orders additional briefing on the merits of Ground Three for relief as challenged by Petitioner in Case No. 383.

**D. Ground Four: Best Evidence**

Petitioner's final ground for relief is essentially a "best evidence" argument. He contends that the trial court violated his right to due process by allowed the State to show a copy of the video recording instead of the original. *Doc. 1-1* at 17-18. Although not explicit, Petitioner seems to be referring to the video recording from May 11, 2011, in Case No. 383. *See Id.* at 18 (Petition) (describing the video as showing the CI interacting with an unknown man); *Doc. 12-3*, Ex. W at 21 (Memorandum in Case No. 383) (describing the video as showing the CI interacting with an unknown man). Petitioner presented this specific claim to the Ninth Judicial District Court of New Mexico in Case No. 383 in his Petition for Writ of Habeas Corpus. *Doc. 12-3*, Ex. BB at 77-79. The court denied the Petition, finding that the New Mexico Court of Appeals, on direct appeal, addressed and resolved similar issues relating to the video*. Doc. 12-3*, Ex. CC at 84-85.

Petitioner apparently maintains that the trial court violated New Mexico Rule of Evidence 11-1002 NMRA (which requires an original recording) and Rule 11-1003 NMRA (which allows duplicates unless there is a genuine question about the original's authenticity or the circumstances make it unfair to admit the duplicate). Petitioner argues that the trial court's alleged violation of a state rule of evidence rises to a violation of his right to due process under the federal Constitution. *Doc. 1-1* at 17-19.

Federal habeas corpus relief, however, does not extend simply to errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "[I]t is not the province of federal habeas courts to reexamine state-court determination on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States." *Estelle,* 502 U.S. at 67-68.

Therefore, to determine if a violation of the state best evidence rule amounts to a violation of Constitutional Due Process, this Court must determine if allowing the copy was fundamentally unfair. "Cases in this Court have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial." *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967). The court looks at whether the challenged evidence "so infused that trial with unfairness as to deny due process of law." *Thornburg v. Mullin*, 422 F.3d 1113, 1124 (10th Cir. 2005) (quoting *Estelle,* 502 U.S. at 75) (internal quotations omitted). However, the Supreme Court has defined infractions that violate fundamental fairness very narrowly. *Dowling v. United States*, 493 U.S. 342, 352 (1990). Fundamental unfairness can be determined by considering "all the surrounding circumstances, including the strength of the state's case." *Hamilton*

*v. Mullin*, 436 F.3d 1181, 1187 (10th Cir. 2006) (quoting *Coleman v. Brown*, 802 F.2d 1227, 1237 (10th Cir. 1986) (internal quotations omitted)).

Simply put, the trial court's decision to admit a copy of the video recording instead of requiring the original does not rise to the level of "fundamentally unfair." Petitioner argues the duplicate could be missing exculpatory evidence (*Doc.* 1-1 at 19), but the New Mexico Court of Appeals determined that the State laid an adequate foundation for the authenticity of the video recording and that the recording was copied without any alteration (*Doc. 12-3*, Ex. V at 14-15). Petitioner has not challenged these findings (*Doc. 12-3*, Ex. X at 40), and he fails to show that the court made an unreasonable determination of facts in light of the evidence presented. Because admission of the duplicate video recording was not fundamentally unfair, Petitioner's rights under the Due Process Clause were not violated.

Moreover, even if the video recording had not been admitted, the State's case against Petitioner was very strong. The prosecution would still have had the testimony of the narcotics agent who set up the controlled buy along with their descriptions of the directions they gave to the CI to purchase from Petitioner at his residence, the searches of the CI before and after the buy, and the drugs obtained from the CI after the buy. *Doc. 12-3*, Ex. X at 44. A jury could have easily found Petitioner guilty beyond a reasonable doubt even in the absence of introduction of the video.

**Recommendations**

For the reasons set forth above, the Court recommends against dismissal of the Petition simply because it challenges two state court convictions that are based on virtually identical facts occurring in a two-day timespan. However, the Court

recommends that habeas relief be denied on the claims raised in Grounds One, Two, and Four of the Petition. Finally, the Court recommends that the presiding judge order Respondents to file a supplemental brief the merits of Ground Three that specifically addresses Case No. 383.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE