IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO T. JAMES,

    Petitioner,

vs.                                 360                            CIV 17-0360 JCH/ KBM

RAYMOND SMITH, Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

    Respondents.

## ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PARTIAL PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Partial Proposed Findings and Recommended Disposition ("PF&RD") (*Doc. 15*), filed November 13, 2017, and on Petitioner's Objections to that PF&RD ("Objections") (*Doc. 19*), filed January 8, 2018. Because they lack merit, the Court will overrule the objections and adopt the PF&RD.

**I.**     **Procedural History**

Sergio James ("Petitioner" or "James") filed a single Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition"), challenging two state court convictions – in Case No. 382 and Case No. 383. *Doc. 1*. He asserted four grounds for relief: (1) he was denied the right to confront the confidential informant ("CI"); (2) there was insufficient evidence to convict him, in violation of his right to due process; (3) the arresting agent obtained the warrant for Petitioner's arrest on perjured information, in violation of Petitioner's right to due process; and (4) the trial court erred in admitting a copy of a video recording without requiring the State to produce the original recording. *Id.*

In her PF&RD, Magistrate Judge Karen B. Molzen recommended against dismissal of the Petition simply because it challenged two state court convictions, reasoning that the convictions were based on virtually identical facts occurring in a two-day timespan. *Doc. 15* at 3-4. However, she recommended that the Court deny habeas relief on the claims raised in Grounds One, Two, and Four of the Petition. *Id.* at 16-17. Finally, Judge Molzen recommended that the Court order Respondents to file a supplemental brief as to the merits of Ground Three that specifically addresses Case No. 383. *Id.*

The parties had until November 27, 2017, to file objections to the PF&RD. *Doc. 15* at 17. By December 8, 2017, no objections were filed, and the Court adopted the PF&RD. *Doc. 16*. However, ten days later Petitioner provided notice to the Court that he had not received a copy of the PF&RD itself and only became aware of it when he received a copy of the Order that adopted the PF&RD. *Doc. 17*. Accordingly, the Court vacated the Order Adopting Magistrate Judge's Partial Proposed Findings and Recommended Disposition and allowed Petitioner additional time to file objections. *Doc. 18*. Petitioner then filed his objections within the new time limit. *Doc. 19*.

**II.     Legal Standard**

When a party files timely-written objections to a magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PF&RD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."

*United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Federal courts have statutory authority under Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, to issue habeas corpus relief for persons in state custody. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). A federal court may grant relief from a state court decision only where a petitioner demonstrates that the trial court's resolution of his claims was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hooks v. Workman*, 689 F.3d 1148, 1163 (2012) (quoting 28 U.S.C. § 2254(d)(1), (2)).

## III. Discussion

Petitioner does not object to the Magistrate Judge's findings and recommendations on Grounds Two and Four (sufficiency of the evidence and best evidence), but does object to her findings and recommendations on Grounds One and Three (Confrontation Clause and perjured arrest warrant). *See Doc. 19*.

### A. Ground One: Confrontation Clause

The trial courts in both of Petitioner's cases admitted a video which purported to show the CI engaged in a controlled buy with Petitioner. *Docs. 12-1* at 53; *12-3* at 40. Petitioner first asserts that the videos do not actually show any type of drug transaction. *Doc. 19* at 1-2.

3

Therefore, he reasons, "the prejudicial effect of showing the video outweighs any probative value and the video should not have been admitted." *Id.* at 2.

It appears that Petitioner is making an argument under New Mexico Rule of Evidence 11-403, which allows a trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Rule 11-403 NMRA. However, Petitioner did not raise this issue in his original Petition and the Court will not consider it now. *See Doc. 1*. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Second, Petitioner maintains that both trial courts violated his right to confront the CI, because the CI was an "adverse witness" but was not called to testify, and be subject to cross-examination, at either trial. *Doc. 19* at 4. The New Mexico Court of Appeals, in contrast, determined that Petitioner's right to confront the CI was not violated. *Docs. 12-1* at 53-56; *12-3* at 40-43.

The Sixth Amendment provides that "[i]n all criminal prosecution, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Cont. amend VI. The Supreme Court has interpreted the Sixth Amendment to only apply to testimonial evidence against the accused. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004). Additionally, "*Crawford* concerned the use of testimonial hearsay statements <u>at trial</u> . . ." *United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006) (emphasis added).

The criminal complaints in both cases include the statements "[t]he confidential informant . . . identified the subject who sold the cocaine as Sergio James." *Docs. 1-1* at 22, 12-2 at 39. These, Petitioner argues, were testimonial statements made by the CI, but Petitioner was

4

not given an opportunity to confront the CI about these statements. *Doc. 19* at 3. However, while the CI's statements were included in the criminal complaints, they were not introduced at the trials where they would be subject to the Confrontation Clause. *See Docs. 12-1* at 57; *12-3* at 44.

Petitioner cites *Maryland v. Craig*, 497 U.S. 836, 846 (1990), for the proposition that he has a right to directly confront adverse witnesses. However, *Craig* addresses face-to-face confrontation when a witness's statements are presented at trial. *Id.* at 844. In contrast here, the CI's statements included in the criminal complaints were not also presented at the trials. Accordingly, the New Mexico Court of Appeal's finding that Petitioner's right to confront the CI was not violated is neither contrary to federal law nor the result of an unreasonable determination of the facts.

### B. Ground Three: Perjured Arrest Warrant

In his Petition, James asserts that his right to due process was violated because Agent Caroland obtained warrants for his arrest on perjured information. *Doc. 1-1* at 15-17. It was not clear to the Magistrate Judge in which case the Petitioner was making this challenge. *Doc. 15* at 13. However, in his Objections, Petitioner clarifies that he intended to challenge the identical affidavits and criminal complaints in both cases. *Doc. 19* at 5.

In the PF&RD, Judge Molzen recommended dismissal of Ground Three specific to Case No. 382, because the doctrine of procedural default applies. *Doc. 15* at 12-13. For Case No. 382, Petitioner makes no convincing arguments as to why procedural default should not apply to bar his claim as to that case. He does say that he is "not versed in the law" and that he "has does what he could to preserve his right to argue perjury was committed and due process was violated." *Doc. 19* at 5, 7. However, the Tenth Circuit "has repeatedly insisted that pro se parties

5

follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation omitted). This Court therefore adopts the Magistrate Judge's recommendation that Ground Three be dismissed, specific to Case No. 382.

Judge Molzen further found that procedural default does not apply in Case. No. 383 and recommended additional briefing on the merits. *Id.* at 14. As to that case, Petitioner appears to misapprehend the recommendation for further briefing. *Doc. 19* at 7 (". . . it seems the Court is inviting the Respondents to come up with some technicality by which to justify disposing of what Petitioner believes is a meritorious claim."). Indeed, the Magistrate Judge expressly recommends that Respondents address the merits of Petitioner's claim.

For all of these reasons, and following its *de novo* review of the record, the Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendations.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Objections to the Magistrate Judge's Partial Proposed Findings of Fact and Recommended Disposition (*Doc. 19*) are **OVERRULED.**

2. The Magistrate Judge's Partial Proposed Findings and Recommended Disposition *(Doc. 15)* is **ADOPTED**;

3. Grounds One, Two, and Four of Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 *(Doc. 1)* are **DISMISSED WITH PREJUDICE**;

3. For the reasons stated in Magistrate Judge's proposed findings and the Court's order adopting those findings, Petitioner has failed to make a substantial showing of a denial of a constitutional right. Therefore, a certificate of appealability as to Grounds One, Two, and Four of Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (*Doc. 1*) is **DENIED;**

4. Respondents shall submit a supplemental brief on Ground Three, specific to Case. No. D-905-CR-2011-0383, within thirty (30) days from the entry of this Order. Petitioner shall be permitted to file a Reply no later than thirty (30) days from the date of filing of Respondent's supplemental brief.

_____
UNITED STATES DISTRICT JUDGE