IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO T. JAMES,

      Petitioner,

vs.                                                                  CIV 17-0360 JCH/KBM

RAYMOND SMITH, Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

      Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (*Doc. 1*), filed by Sergio T. James ("Petitioner") on March 22, 2017. The Honorable Judith C. Herrera referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 4.* On November 13, 2017, the undersigned entered a Partial Proposed Findings of Fact and Recommended Deposition ("Partial PF&RD"). *Doc. 15.* The Court adopted the Partial PF&RD on February 20, 2018, dismissing all but one ground for relief and ordering supplemental briefing on the remaining ground. *Doc. 20.* Having reviewed the supplemental submissions of the parties and the relevant law, the Court now recommends that relief be denied on the sole remaining claim.

1

## I. Background Facts and Procedural Posture[1]

In his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Petitioner challenged two New Mexico state court convictions out of the Ninth Judicial District Court of New Mexico. *Doc. 1* at 1. Both convictions are for trafficking a controlled substance in the first degree based upon hand-to-hand buys with a confidential informant ("CI"). The first conviction, docket number D-0905-CR-2011-00382 ("Case No. 382"), involved a CI buy on May 12, 2011 (*Doc. 12-2* at 39-40); the second conviction, docket number D-0905-CR-2011-00383 ("Case No. 383"), involved a CI buy on May 11, 2011 (*Doc. 1-1* at 22).

The Petition included four grounds for relief: (1) that Petitioner was denied the right to confront the CI; (2) the jury had insufficient evidence to convict Petitioner, in violation of his right to due process; (3) the arresting agent obtained the warrant for Petitioner's arrest on perjured information in violation of his right to due process; and (4) the trial court erred in admitting a copy of a video recording without requiring the State to produce the original recording. *Doc. 1*. The undersigned issued a Partial PF&RD, recommending that habeas relief be denied for claims raised in Grounds One, Two, and Four of the Petition. *Doc. 15* at 17. After addressing Petitioner's objections, the presiding judge adopted that recommendation. *Doc. 20*.

Regarding Ground Three, in Case No. 382, Petitioner first raised the issue of an alleged perjured arrest warrant in his second Petition for Writ of Habeas Corpus to the

---

[1] The Court cites the CM/ECF document numbers and pages, rather than internal page numbers found in exhibits.

Ninth Judicial District Court of New Mexico.[2] *Doc. 12-2* at 23-27. The state district court denied relief pursuant to a New Mexico procedural rule on second and successive petitions, Rule 5-802(I)(1) NMRA.[3] *Id.* Petitioner then filed a petition in federal court, including a claim for relief based on a perjured arrested warrant. The undersigned magistrate judge recommended denying relief with respect to Case No. 382 because the issue was decided in the state court on independent and adequate state procedural grounds. *Doc. 15* at 13-14. After addressing Petitioner's objections, the presiding judge adopted that recommendation and dismissed Ground Three, specific to Case No. 382. *Doc. 20* at 6.

Unlike Case No. 382, in Case No. 383 Petitioner first presented the issue of the perjured arrest warrant in his only Petition for Writ of Habeas Corpus to the Ninth Judicial District Court of New Mexico. *Doc. 12-4* at 3-4. Accordingly, the undersigned recommended, and the presiding judge agreed, that Ground Three should not be dismissed for procedural default with respect to Case No. 383. *See Doc. 15* at 14; *Doc. 20* at 6. Instead, the Court ordered additional briefing on Ground Three, specific to Case No. 383. *Doc. 20* at 6-7.

In Case No. 383, a jury found James guilty on April 21, 2014. *Doc. 12-3* at 1. The New Mexico Court of Appeals affirmed his conviction (*id.* at 39-46), and the New Mexico Supreme Court denied his Petition for Writ of Certiorari (*id.* at 69). James then filed a

---

[2] Petitioner filed his first state Petition for Writ of Habeas Corpus on November 9, 2015 with the Ninth Judicial District Court. *Doc. 12-2*. The grounds for relief included only ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of the evidence. *Doc. 12-2*. The court denied the Petition (*Doc. 12-2* at 19), and his Motion for Reconsideration (*Doc. 12-2*).

[3] At the time the state court issued its decision, Rule 5-802(I) appeared as 5-802(H). The rule was amended in 2016 and the letters re-arranged, but the content of the rule for second and successive petitions is the same. *Compare* Rule 5-802(I) NMRA, *with* Rule 5-802(H) NMRA (2016).

Petition for Writ of Habeas Corpus with the Ninth Judicial District Court of New Mexico, which the district court denied on November 2, 2014. *Id.* at 84-86. The New Mexico Supreme Court again denied his Petition for Writ of Certiorari (*Doc. 12-4* at 26), and James then filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus here in federal district court (*Doc. 1*).

**II.     Legal Standard**

Federal courts have statutory authority under Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to issue habeas corpus relief for persons in state custody. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). AEDPA "circumscribes our review of federal habeas claims that were adjudicated on the merits in state-court proceedings," subject to only two exceptions. *Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012).

A federal court may grant relief from a state court decision only where a petitioner demonstrates that the trial court's resolution of his claims was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1), (2)). In analyzing the state court's decision, this Court may only review the record that was before the state court and all factual findings are presumed correct unless rebutted by "clear and convincing evidence." *Id.* (quoting 28 U.S.C. § 2254(e)).

To determine if a decision was contrary to or involved an unreasonable application of clearly established Federal law, the threshold question asks whether the

4

applicant is seeking to invoke a rule of law that was clearly established by the Supreme Court at the time the conviction became final. *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011) (citation omitted); *see also Williams v. Taylor*, 529 U.S. 362, 390 (2000). If the law was clearly established, then the court determines whether the state court decision was "contrary to or involved an unreasonable application of that clearly established law." *Byrd*, 645 F.3d at 1165 (quoting *Turrentine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004) (internal quotations omitted)).

First, a state-court decision is "contrary to" clearly established law "if the state court applies a rule different from the governing law set forth" by the Supreme Court or "if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Hooks*, 689 F.3d at 1163 (quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The state court is not required to cite to, or even be aware of, Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Second, "[a] state-court decision is an 'unreasonable application' of clearly established federal law when the state court 'identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of petitioner's case.'" *Hooks*, 689 F.3d at 1163 (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)). AEDPA precludes issuance of a writ simply because the federal court concludes in its independent judgment that the state court applied the federal law erroneously or incorrectly. *Byrd*, 645 F.3d at 1166. Instead, the application must also be "objectively unreasonable." *Id*. As long as "fairminded jurists could disagree" as to the correctness of the state court's decision, *Yarborough v. Alvarado*, 541 U.S. 652, 664

5

(2004), this "'highly deferential standard for evaluating state-court rulings[ ]' . . . demands that state-court decisions be given the benefit of the doubt." *Hooks*, 689 F.3d at 1163 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

### III. Discussion

Petitioner asserts that Agent Caroland obtained a warrant for his arrest based on perjured information and thereby violated James' right to due process. *Doc. 1-1* at 15-17. Agent Phil Caroland signed an Affidavit for Arrest Warrant, *Doc. 12-2* at 40, which referenced a narrative given under penalty of perjury in the attached Criminal Complaint, *Doc. 12-2* at 39. *Id.* at 21. That narrative read:

> Agents with the Region V Drug Task Force have been investigation (sic) the narcotics dealings of Sergio James aka "Milk." Agents had received information that Sergio James was selling cocaine (crack) from his residence at 817 Edwards Street in Clovis, New Mexico. On [May 11, 2011,] Agents had a confidential informant who was equipped with an audio and video recorder device go to the defendant's residence. **The defendant was recorded selling the informant one hundred dollars (100) worth of crack cocaine.** The confidential informant **and your affiant** identified the subject who sold the cocaine as Sergio James.

*Doc. 12-2* at 39-40 (emphasis added). The Affidavit and Complaint were presented to and were approved by a magistrate judge who found probable cause. *Id.*

Petitioner asserts that Agent Caroland lied in this narrative because "no audio or video recording depicted [him] selling any drugs to [the CI]." *Id.* at 16. Further, he argues that "[Agent] Caroland was not present in the residence at the time in question and could not identify Petitioner as 'the subject who sold the cocaine.'" *Id.* Accordingly, he argues that probable cause did not exist for his arrest. *Id.* at 15-17.

In essence, Petitioner reads Agent Caroland's statement very narrowly. He argues that the statement "[t]he defendant was recorded selling the informant one

6

hundred dollars['] worth of crack cocaine," (*id.* at 2) means that the recording shows an actual hand-to-hand buy between Petitioner and the CI (*Doc. 1-1* at 13-14, 16; *Doc. 22* at 2). He further reads the statement "[t]he confidential informant and your affiant [Agent Caroland] identified the subject who sold the cocaine as Petitioner," (*Doc. 1-1* at 23) to mean that Agent Caroland was actually present at the transaction between the CI and Petitioner (*Doc. 1-1* at 16; *Doc. 22* at 3, 5).

Petitioner presented this issue for the first time to the state district court on collateral attack. *Doc. 12-3* at 75-77. The court denied relief, explaining that Petitioner raised similar issues on direct appeal to the New Mexico Court of Appeals and did not alleged any new facts not known at the time of trial or appeal. *Id.* at 84-85. The district court incorporated the Court of Appeals' Memorandum Opinion and held that "due to the Court of Appeals['] thorough review of issues related to the video in this matter, the use of the video cannot be collaterally attacked through a post-conviction Petition for Writ of Habeas Corpus." *Id.* at 84-85.

The Court of Appeals "addressed numerous issues relate[d] to the video in this matter" (*id.* at 85) and found that the recording and agent testimony, together with reasonable inferences, did establish that Petitioner sold cocaine to the CI (*id.* at 44-45). Specifically, the court found that agents instructed the CI to purchase crack cocaine from Petitioner at 817 Edward Street in Clovis and equipped him with a recording device. *Id.* at 44. The audio recording contained a conversation between the CI and an agent about the $100 agents gave the CI for the controlled buy. *Id.* at 41. The video recording showed the CI arriving at 817 Edwards Street. *Id.* at 44. It also showed that Petitioner was present at 817 Edwards Street when the CI arrived. *Id.* at 41, 44. Finally,

7

the court found that the video recording showed the CI leaving the house, returning to the agents, and giving the agents a substance that was later determined to be cocaine. *Id.*

The court's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2). In fact, the Court of Appeals relied on Petitioner's statement of facts. *Doc. 12-3* at 41, 44-45 (citing *Doc. 12-3* at 18- 38). Additionally, these factual findings are presumed to be correct as Petitioner has not rebutted that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e). Based on the court's facts, and contrary to Petitioner's narrow reading of Agent Caroland's statements, the recording reveals Petitioner selling cocaine to the CI, as stated in the Complaint, even if it did not explicitly capture the actual hand-to-hand buy. And while Agent Caroland was not present at the transaction, the information he received from the CI would allow him to identify Petitioner as the seller, as stated in the Complaint.

Further, the state court's decision was not contrary to or an unreasonable application of clearly established federal law. The Fourth Amendment requires that "no warrants shall issue, but upon probable cause, supported by oath or affirmation . . . ." U.S. Const. amend. IV. "[W]hen the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a *truthful* showing." *Franks v. Delaware*, 438 U.S. 154, 164-65 (1978). The Supreme Court defined truthful "in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.* The Fourth Amendment requires a hearing "where the defendant makes a substantial preliminary showing that a false

8

statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . ." *Id.* at 155-56. There is "a presumption of validity with respect to the affidavit supporting the search warrant," *id.* at 171, which a defendant can overcome by presenting "evidence either that the deputies knew that the information in the search-warrant affidavit was false or that the [deputies] in fact entertained serious doubts as to the truth of [their] allegations, but still sought a search warrant in reckless disregard for the truth," *Harte v. Bd. of Comm'rs of Cyt. of Johnson, Kan.*, 864 F.3d 1154, 1174 (10th Cir. 2017) (citations omitted).

Petitioner takes issue with the representation that "the defendant was recorded selling the informant one hundred dollars['] worth of crack cocaine." This statement is likely material to a probable cause determination.[4] However, even if that statement is false, Petitioner has not shown that Agent Caroland knew he was presenting false information or was acting with deliberate disregard for the truth. Rather, Agent Caroland's statement appears to be based on information received from the CI. *See Doc. 12-3* at 44-45; *see also Franks*, 438 U.S. at 164-65 ("[P]robable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily."). James offers no proof to support his claim that Agent Caroland lied, other than his narrow reading of the statements in the Complaint. Petitioner therefore is not entitled to a hearing and the state court's decision to uphold Petitioner's conviction is not

---

[4] The statement that Agent Caroland "identified the subject who sold cocaine as Sergio James" does not undermine the probable cause determination because as set forth in the Complaint, the CI clearly and unambiguously identified Sergio James as the seller. *Doc. 1-1* at 22.

contrary to or an unreasonable application of clearly established federal law.[5]

IV.     Recommendations

For the reasons set forth above, the Court recommends that Ground Three of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus be **denied** and this action be **dismissed with prejudice**.

_____
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[5] Although neither the Court of Appeals nor state district court specifically addressed whether Petitioner was entitled to a *Franks* hearing, a state court is not required to cite to, or even be aware of, Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8.