IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO T. JAMES,

    Petitioner,

vs.                                                                         CIV 17-0360 JCH/ KBM

RAYMOND SMITH, Warden, and
HECTOR H. BALDERAS, Attorney
General for the State of New Mexico,

    Respondents.

## ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD") (*Doc. 23*), filed August 9, 2018, and on Petitioner's Objections to that PF&RD ("Objections") (*Doc. 24*), filed August 23, 2018. Because they lack merit, the Court will overrule the objections and adopt the PF&RD.

**I.**     **Procedural History**

In his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Sergio James ("Petitioner") challenges two state court convictions out of the Ninth Judicial District Court of New Mexico: docket number D-0905-CR-2011-00382 ("Case No. 382") and docket number D-0905-CR-2011-00383 ("Case No. 383"). *Doc. 1* at 1. The Petition includes four grounds for relief. The Magistrate Judge issued a Partial PF&RD on November 13, 2017, recommending that habeas relief be denied for the claims raised in Grounds One, Two, and Four of the Petition. *Doc. 15.* Additionally, the Magistrate Judge

recommended denying relief on Ground Three with respect to Case No. 382. *Id.* After addressing Petitioner's objections, the undersigned adopted those recommendations and dismissed Grounds One, Two, and Four and Ground Three specific to Case No. 382. *Doc. 20.* The undersigned also ordered supplemental briefing regarding Ground Three in Case No. 383. *Id.* The parties filed supplemental briefs (*Docs. 21*, *22*), and the Magistrate Judge entered a second PF&RD on August 9, 2018, recommending that the remaining claim, Ground Three in Case No. 383, be dismissed (*Doc. 23).* Petitioner filed objections to the PF&RD on August 23, 2018. *Doc. 24.*

**II.    Legal Standard**

When a party files timely written objections to a magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PF&RD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Federal courts have statutory authority under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, to issue habeas corpus relief for persons in state custody. *See Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). A

2

federal court may grant relief from a state court decision only where a petitioner demonstrates that the trial court's resolution of his claims was "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hooks v. Workman*, 689 F.3d 1148, 1163 (2012) (quoting 28 U.S.C. § 2254(d)(1), (2)).

### III. Analysis

In his Petition, James asserts that his right to due process was violated because Agent Caroland obtained a warrant for his arrest on perjured information. *Doc. 1-1* at 15-17. To establish probable cause for Petitioner's arrest, Agent Phil Caroland signed an Affidavit for Arrest Warrant that referred to a narrative attached to the Criminal Complaint. *Id.* at 21. The narrative read:

> Agents with the Region V Drug Task Force have been investigation (sic) the narcotics dealings of Sergio James aka "Milk." Agents had received information that Sergio James was selling cocaine (crack) from his residence at 817 Edwards Street in Clovis, New Mexico. On [May 11, 2011,] Agents had a confidential informant who was equipped with an audio and video recorder device go to the defendant's residence. **The defendant was recorded selling the informant one hundred dollars (100) worth of crack cocaine.** The confidential informant and **your affiant** identified the subject who sold the cocaine as Sergio James.

*Id.* at 22 (emphasis added). The Complaint was also signed by Agent Caroland and approved by a magistrate judge, having found probable cause. *Id.*

Petitioner asserts that Agent Caroland lied to the magistrate judge in this narrative because "no audio or video recording depicted [him] selling any drugs to [the confidential informant ("CI")]." *Id.* at 16. Further, he argues, "[Agent] Caroland was not

3

present in the residence at the time in question and could not identify Petitioner as 'the subject who sold the cocaine.'" *Id.* Accordingly, he argues that probable cause did not exist for his arrest. *Id.* at 15-17. Petitioner re-asserts these arguments in his Objections. *Doc. 24.*

He also asserts in his Objections that while the New Mexico Court of Appeals addressed similar issues, "this exact claim had not been raised or ruled upon in any previous proceedings." *Id.* at 4. Petitioner is correct that the New Mexico Court of Appeals did not directly address the issue of the perjured arrest warrant. However, the Court of Appeals "addressed numerous issues relate[d] to the video in this matter" (*Doc. 12-3* at 85), and found that the recording and agent testimony, together with reasonable inferences, did establish that Petitioner sold cocaine to the CI (*id.* at 44-45). The state district court then addressed the issue of the perjured arrest warrant on collateral attack, and incorporated the Court of Appeals' Memorandum Opinion to hold that "due to the Court of Appeals['] thorough review of issues related to the video in this matter, the use of the video cannot be collaterally attacked through a post-conviction Petition for Writ of Habeas Corpus." *Id.* at 84-85

Specifically, the Court of Appeals found that agents instructed the CI to purchase crack cocaine from Petitioner at 17 Edward Street in Clovis and equipped him with a recording device. *Id.* at 44. The audio recording contained a conversation between the CI and an agent about the $100 agents gave the CI for the controlled buy. *Id.* at 41. The video recording showed the CI arriving at 817 Edwards Street. *Id.* at 44. It also showed that Petitioner was present at 817 Edwards Street when the CI arrived. *Id.* at 41, 44.

Finally, the court found that the video recording showed the CI leaving the house, returning to the agents, and giving the agents a substance that was later determined to be cocaine. *Id.* These factual findings are presumed to be correct because Petitioner has not rebutted that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e). Based on these facts, the recording did show Petitioner selling cocaine to the CI, as Agent Caroland stated in the Complaint, even if it did not show the actual hand-to-hand buy. And while Agent Caroland was not present at the transaction, the information he received from the CI would allow him to identify Petitioner as the seller, as he further stated in the Complaint. Therefore, the court's decision to deny relief on the issue of a perjured arrest warrant was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2).

In his Objections, Petitioner also requests an evidentiary hearing. The Fourth Amendment requires a hearing to determine if the probable cause stated in a warrant is truthful "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause . . . ." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). There is "a presumption of validity with respect to the affidavit supporting the search warrant," *id.* at 171, which a defendant can overcome by presenting "evidence either that the deputies knew that the information in the search-warrant affidavit was false or that the [deputies] in fact entertained serious doubts as to the truth

5

of [their] allegations, but still sought a search warrant in reckless disregard for the truth," *Harte v. Bd. of Comm'rs of Cty. of Johnson, Kan.*, 864 F.3d 1154, 1174 (10th Cir. 2017) (citations omitted).

Here, while Petitioner repeatedly asserts that there was no video or audio recording of the actual buy between himself and the CI, he makes no other offer of proof to establish that Agent Caroland intentionally, or with reckless disregard, made false statements in the arrest warrant. Petitioner does assert, for the first time in his Objections, that "should this Court order an evidentiary hearing, Petitioner will present his former attorney who maintains a copy of a recorded telephone call with the CI wherein he asserts he never engaged in a drug transaction with Petitioner." *Doc. 24* at 6. Even if the CI made such a statement, Petitioner presents no evidence that he made that statement to Agent Caroland such that Agent Caroland knowingly, or with reckless disregard, included false statements in the arrest warrant. Rather, the state court's factual findings support Agent Caroland's narrative that Petitioner was recorded selling the CI crack cocaine. Petitioner, therefore, is not entitled to a hearing, and the state court's decision to uphold Petitioner's conviction is neither contrary to or an unreasonable application of clearly established federal law.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's Objections to the Proposed Findings of Fact and Recommended Disposition (*Doc. 24*) are **OVERRULED**;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 23*) is **ADOPTED**;

3. This action is **DISMISSED WITH PREJUDICE**;

4. For the reasons stated in the Magistrate Judge's proposed findings and the Court's orders adopting those findings, Petitioner has failed to make a substantial showing of a denial of a constitutional right. Therefore, a certificate of appealability is **DENIED**; and

5. A Final Order pursuant to Rule 58 of the Federal Rules of Civil Procedure will be entered dismissing this action with prejudice.

_____
UNITED STATES DISTRICT JUDGE